**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 28 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

PARRISH WILKINS,

Plaintiff-Appellant,

v.

DENVER DEPARTMENT OF
SAFETY, and MANAGER,

Defendants-Appellees.

No. 04-1244
(D.C. No. 04-MK-141 (BNB))
(D. Colo.)

ORDER AND JUDGMENT   *

Before **SEYMOUR** , **McCONNELL** , and **TYMKOVICH** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Parrish Wilkins, proceeding pro se, filed this action under 42 U.S.C. § 1983, asserting claims of false arrest and malicious prosecution against the Denver Department of Safety (a department of the city and county of Denver, Colorado) and an unidentified manager. The district court dismissed the case under Fed. R. Civ. P. 12(b)(6) for failure to state a legally cognizable claim. We affirm.

For a number of years, Mr. Wilkins was involved in a neighborhood dispute characterized by a cross-restraining order issued against both Mr. Wilkins and his neighbor. Mr. Wilkins states that he was never at fault in their disagreements: it was his neighbor who caused trouble. In fact, Mr. Wilkins says that he attempted to mediate the dispute, but the neighbor refused to attend mediation sessions. The police, however, always believed his neighbor's version of events and enforced the neighbor's side of the restraining order. Each time the police were called, it was Mr. Wilkins who was charged with threatening behavior. At one point, he was arrested, jailed, and convicted of felony menacing. He had difficulties in jail and, after that, he "sign[ed] the tickets of guilt" presented by the police because he "was afraid to go to jail without his medication and supervision." Aplt. Br. at 1.

In this lawsuit, Mr. Wilkins charged that the arrests and prosecutions violated his civil rights. Following a hearing, the district court recognized that

"Mr. Wilkins perceives that he has a problem and he would like to the Court to resolve [it]." R., Doc. 13 at 10. Nevertheless, the court determined that it was compelled to grant the motion filed by attorneys for the City and County of Denver and dismissed the case without prejudice, under Federal Rule of Procedure Rule 12(b)(6).

The court provided several reasons for its ruling. First, Mr. Wilkins' claims were too conclusory to survive a Rule 12(b)(6) motion. *See Smith v. Plati*, 258 F.3d 1167, 1176 (10th Cir. 2001). Second, Mr. Wilkins was attempting to hold the named defendants liable for the acts of subordinates, but supervisors are liable under § 1983 only for personal participation or acquiescence in a constitutional violation. *See Winters v. Bd. of County Comm'rs*, 4 F.3d 848, 855 (10th Cir. 1993). Third, he had not alleged sufficient facts to support a claim of municipal liability, which requires the existence of a municipal custom or policy and a direct causal link between the custom or policy and the violation alleged. *See Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004). Fourth, Mr. Wilkins cannot maintain a malicious prosecution claim under § 1983 without showing that his criminal convictions were overturned. *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

We review the district court's dismissal for failure to state a claim de novo. *Felix v. Lucent Techs., Inc*., 387 F.3d 1146, 1153 (10th Cir. 2004). "Dismissal of

a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dep't of Corrs*., 165 F.3d 803, 806 (10th Cir. 1999). We have liberally construed Mr. Wilkins' complaint, accepting all well-pleaded facts as true and making all reasonable inferences in favor of the plaintiff. *See id.* We agree with the district court that Mr. Wilkins' § 1983 complaint failed to state a claim upon which relief could be granted and that dismissal without prejudice was the appropriate resolution of his case.

Accordingly, we AFFIRM the judgment of the district court, for substantially the same reasons given by the district court in its ruling of June 7, 2004. Mr. Wilkins' request to proceed in forma pauperis on appeal is GRANTED.

Entered for the Court

Michael W. McConnell
Circuit Judge